KATHRYN E. DOBEL, CSB 85530
Law Office of Kathryn E. Dobel
1700 Shattuck Avenue #77
Berkeley, CA 94709
Tele: 510-548-2004
Fax:  510-666-1315
spedlaw@comcast.net

Attorney for Student and Mother H

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDENT H., by and through his guardian ad litem, MOTHER H., and MOTHER H., on her own behalf,<br><br>          Plaintiffs,<br><br>     vs.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT, etc., et al.,<br><br>          Defendants. | Case No. C 06-02031 VRW<br><br>[PROPOSED] STIPULATED ORDER FOR MINOR'S COMPROMISE |

**PARTIES**

1. Petitioner MOTHER H. as Guardian ad Litem for STUDENT H. petitioned this Court for an order approving the compromise of Student H.'s claims against defendants: BERKELEY UNIFIED SCHOOL DISTRICT, MICHELE LAWRENCE, ELAINE EGER, KENNETH JACOPETTI, ALAN JOY, FELTON OWENS and THE BOARD OF EDUCATION OF THE BERKELEY UNIFIED SCHOOL DISTRICT (Hereinafter collectively BERKELEY DEFENDANTS).

2. Claimant STUDENT H. is a plaintiff in the instant action. He is 13 years of age and has extensive physical disabilities. He resides with his mother in Berkeley, California, and is currently at home on medical leave from the Perkins School for the Blind.

3. Petitioner MOTHER H. is the mother and guardian ad litem for STUDENT H. In those two

capacities, she brought the instant action against the BERKELEY DEFENDANTS on behalf of STUDENT H and on her own behalf. Petitioner MOTHER H. at all times since the inception of this claim and litigation has had sole legal and physical custody of STUDENT H. Petitioner MOTHER H. is also a plaintiff in the instant action

## NATURE OF CLAIMS

4. The parties have agreed that all claims of Plaintiffs, including Minor Plaintiff, STUDENT H., arising out of Case No. 06-02031 VRW, will be compromised without a trial on the merits and the pending action will be dismissed after payment of the settlement funds if this Petition is granted. The Parties by counsel have stipulated to the allocation of damages of Three Million Dollars ($3,000,000) to Student H.; the balance of the settlement payment, after payment of attorney's fees and costs from the settlement funds pursuant to the Special Master's Report and Recommendations to the Court, will be placed in the existing Special Needs Trust for Student H. administered in Superior Court Case No. RPO3102373. Requests for payment to Mother H. for educational programming and expenses for Student H. shall be made directly to the Superior Court administering the Special Needs Trust for Student H.

5. STUDENT H has disabilities that entitle him to a free and appropriate public education under the Individuals with Disabilities Education Act and protections from discrimination under Section 504 of the 1973 Rehabilitation Act. As to Student H., the claims and action against the BERKELEY DEFENDANTS involve damages allegedly suffered by Student H. The parties, without admitting liability or responsibility in this matter, have agreed to resolve the matter in its entirety pursuant to the terms stated in Paragraph 4.

## TERMS OF SETTLEMENT

6. The parties have agreed to resolve this matter in its entirety for a total sum of Three Million Dollars ($3,000,000) payable to Student H.'s existing Special Needs Trust administered in Superior Court Case No.: RP0310373. In full and final resolution of Case Nos.: CV06-02031VRW; C07-01712 and OAH Case No.: 2008120784 BERKELEY UNIFIED SCHOOL DISTRICT and the BERKELEY DEFENDANTS, by and through the Schools Excess Liability

Fund, on behalf of the BERKELEY UNIFIED SCHOOL DISTRICT and the BERKELEY DEFENDANTS, shall cause to be paid, within thirty (30) days of the Order on the Minor's Compromise, a total sum of Three Million Dollars ($3,000,000.00), to be disbursed as follows:

    A.    $2,510,679.88 to Student H., by check payable to the Special Needs Trust for Student H., administered in Superior Court Case No.: RPO3102373.

    B.    $256,836.68 by check payable to Mother H. for reimbursement for payments of attorney's fees and costs.

    C.    $232,483.44 by check payable to Kathryn Dobel, attorney at law, for payments owing to Kathryn Dobel ($53,283.44), Jennifer Torbohn ($25,000), Sally McDonald ($150,000) and ADR Services. Inc. ($4,200).

**Order for Disposition of Damages for Student H.**

**7.** The Court appointed Judge Isabella Horton Grant as the Special Master to administer claims for reimbursement and payment of attorney's fees and costs (for the administrative hearings and court cases) from the settlement funds. Judge Grant 's Report and Recommendations dated September 3, 2009 have been filed with this Court and the Court accepts the recommendations and the stipulation of the parties for the allocation of the payment of attorney's fees and costs in this case for the Student's attorneys and costs for the Special Master as set forth above in paragraph 6, in the sum of $232,483.44, and reimbursement to Mother H for fees and costs that she has paid to date in the amount of $256,836.68, from the settlement funds.

8. This Court approves the settlement of Three Million Dollars ($3,000,000), and orders that the settlement funds shall be paid within thirty (30) days of this Order. The proceeds of the settlement funds, after the payments for fees and costs as specified in paragraph 7 and herein, shall be placed in the existing Special Needs Trust for Student H, administered in Superior Court Case No. RPO3102373. The settlement sum is to be allocated as follows:

     A.    $2,510,679.88 to Student H., by check payable to the Special Needs Trust for Student H., administered in Superior Court Case No.: RPO3102373.

     B.    $256,836.68 by check payable to Mother H. for reimbursement for payments of attorneys' fees and costs.

     C.    $232,483.44 by check payable to Kathryn Dobel, attorney at law, for payments owing to Kathryn Dobel, Jennifer Torbohn, Sally McDonald and ADR Services. Inc.

9. Mother H may petition the Superior Court directly for payment for educational programming and expenses for Student H.

## Additional Orders

10. The specific terms of the Settlement Agreement and Mutual General Release executed by the Parties shall remain confidential between the Parties.

Dated: November 4, 2009

                                      Honorable Vaughn Walker
                                      Chief Judge of the United States District Court